UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BENJAMIN SEEGARS,

        Plaintiff,

        -v-

**DECISION AND ORDER**
09-CV-0947S(M)

CHRISTINA HERNANDEZ, N.Y.S. Division of Parole,
DIANE HOLFORD, Director, Office of Sentence and Review,
N.Y.S. Department of Correctional Services,
HAROLD GRAHAM, Superintendent, Auburn Correctional Facility,
S. QUINN, Inmate Records Co-ordinator,
Auburn Correctional Facility,
PATRICIA PRIESTLEY, Inmate Records Co-ordinator,
Attica Correctional Facility,
R. J. BUTERA, Facility Parole Officer II, Auburn Correctional Facility,
M. SABAN, Facility Parole Officer I, Auburn Correctional Facility,
MR. MOORE, Corrections Counselor,
Marcy Correctional Facility,
all in their individual and official capacities,

        Defendants.



---

## **INTRODUCTION**

Plaintiff, Benjamin Seegars, an inmate of the Auburn Correctional Facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1). Plaintiff appears to be claiming that the defendants have improperly calculated and/or unlawfully changed his state court sentences ("Data Computation Entry printout") and maintained inaccurate data and information in his prison and parole file, and that such actions caused him to "go beyond his original scheduled 'initial' parole eligibility date hearing

interview of January 2007" (Docket No. 1, Complaint, ¶¶ 1 and WHEREFORE Clause, ¶ L, at 27) and that at his initial parole "eligibility" hearing he was denied a fair hearing. (*Id.*, at ¶¶ 45-46). Plaintiff also appears to claim that these same unlawful actions have caused him to be designated as a "sex offender" under both the Sex Offender Registration Act ("SORA") and the Sexual Assault Reform Act of 2000 ("SARA") thereby subjecting him to "special parole considerations." (*Id.*, ¶¶ 34-49). Plaintiff, in addition to seeking compensatory and punitive damages, seeks a declaratory judgment and injunction which, in part, directs defendants to correct plaintiff's records to reflect the accurate and correct Data Computation/Entry printout as originally calculated, to correct the unlawful designation of him as a "convicted sex offender" and to hold a new "Initial" Parole Eligibility Date Hearing Interview with all the correct and accurate information. (*Id.*, WHEREFORE Clause, at 25-28). Plaintiff does not request immediate release or claim that he is entitled to immediate release on parole. Plaintiff has paid the filing fee and seeks an order directing service of the summons and complaint by the United States Marshals Service (Docket No. 6).[1]

Plaintiff has also filed a motion for a temporary restraining order (TRO) and preliminary injunction (Docket No. 2) and a motion to expedite hearing pursuant to Local Rules of Civil Procedure 7.1 and Fed.R.Civ.P. 6(d). (Docket No. 5). For the

---

[1]Plaintiff has also filed Interrogatories, a Request for Production of Documents, a Request for Admissions and a Rule 26(a) Disclosure. Upon service of defendants' answer, plaintiff shall serve these discovery requests and Rule 26(a) Disclosure on counsel appearing for defendants. See Fed.R.Civ.P. 26(d).

following reasons, plaintiff's motion for an order directing service by the U.S. Marshals Service (Docket No. 6) is granted and the motions for a temporary restraining order and preliminary injunction, and for an expedited hearing are denied without prejudice.

Because none of the plaintiff's papers, including the complaint, motion for a TRO and preliminary injunction, and motion for an expedited hearing, describe any efforts to notify opposing parties of his motion for injunctive relief, and because his papers neither (1) demonstrate a likelihood of success on the merits and irreparable injury, nor (2) raise serious questions going to the merits, with the balance of hardship tipping in the plaintiff's favor, his motions for a TRO and preliminary injunction, and an expedited hearing are denied without prejudice. *Abdul Wali v. Coughlin*, 754 F.2d 1015, 1025 (2d Cir. 1985), *Paulsen v. County of Nassau*, 925 F. 2d. 65, 68 (2d Cir. 1991). Moreover, "the moving party must make a 'clear' or 'substantial' showing of a likelihood of success where (1) the injunction sought 'will alter, rather than maintain, the status quo'--*i.e.*, is properly characterized as a 'mandatory' rather than 'prohibitory' injunction; or (2) the injunction sought 'will provide the movant with substantially all the relief sought, and that relief cannot be undone even if the defendant prevails at a trial on the merits.'" *Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996) (quoting *Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33-34 (2d Cir. 1995)), *overruled on other grounds by City of Boerne v. Flores*, 521 U.S. 507 (1997). To the extent plaintiff's motion for a preliminary injunction can be characterized, in

part, as a mandatory injunction it too fails to make the requisite showing. Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion for an order directing service of the summons and complaint by the United States Marshals Service (Docket No. 6) is granted;

FURTHER, that plaintiff is required to submit the certified copy, marshal forms, summons and complaint to the U.S. Marshal for service upon named defendants. Plaintiff shall pay the fee of $8.00 per summons and complaint, which must be paid by money order or certified check;

FURTHER, that pursuant to Fed.R.Civ.P. 4(c)(3), the U.S. Marshal is hereby directed to collect their fee and serve the summons and complaint upon the named defendants; and

FURTHER, that plaintiff's motion for a temporary restraining order and preliminary injunction (Docket No. 2), and for an expedited hearing (Docket No. 5) are denied without prejudice.

FURTHER, that pursuant to 42 U.S.C. 1997e(g)(2), defendants are directed to respond to the complaint.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
DISTRICT JUDGE
UNITED STATES DISTRICT COURT

Dated: Jan. 4, 2011, 2000